CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 24 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMES REGAN FORGETTE,** | ) | **CASE NO. 7:11CV00496** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| vs. | ) | |
| | ) | |
| **HAROLD W. CLARKE,** | ) | **By: Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Respondent.** | ) | |

James Regan Forgette, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement for two state court criminal convictions. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice for failure to exhaust state court remedies.

A judge of the Franklin County Circuit Court found Forgette guilty in September 2010 of two counts of assault of a law enforcement officer and sentenced him to serve time in prison. Forgette states on the face of his petition that he did not appeal or file any state petition for a writ of habeas corpus concerning these convictions. He filed a § 2254 petition in the United States District Court for the Eastern District of Virginia in September 2011, and it was transferred to this court on October 19, 2011. In his petition, Forgette alleges that the state trial court wrongfully denied his motion for a psychiatric evaluation to rebut the state's evidence in support of the charges.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest

state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, after the time for direct appeal to the Court of Appeals of Virginia has expired, an inmate can exhaust his state court remedies in one of two ways. First, he can file a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(a)(1); § 17.1-411. In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. § 8.01-654(a)(1). Whichever route he follows, he must ultimately present his claims to the Supreme Court of Virginia before a federal district court can consider the merits of his claims under § 2254.

Forgette's submissions clearly indicate that he has state court remedies still available to him, namely, Circuit Court habeas proceedings and a subsequent appeal to the Supreme Court of Virginia if the Circuit Court petition is denied. Thus, the court must dismiss his § 2254 petition without prejudice for failure to exhaust state court remedies.[1]  See Slayton v. Smith, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 24th day of October, 2011.

*(signature)*

Chief United States District Judge

---

[1] The court notes that even if Forgette had exhausted his state court remedies, his § 2254 petition would have to be denied, because he fails to state the facts on which this claim is based or to explain how the outcome of his trial would have been different, absent the denial of his motion.